IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVISHA MANGWIRO AND TINASHE MANGWIRO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-1903-L** |
| JANET NAPOLITANO, SECRETARY OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, DIRECTOR OF U.S. CITIZENSHIP & IMMIGRATION SERVICES; AND TRACY TARANGO, FIELD OFFICE DIRECTOR FOR DALLAS DISTRICT OFFICE, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9), filed September 4, 2012; Supplemental Complaint for Declaratory Relief (Doc. 13), filed by Plaintiffs on February 14, 2013; and Plaintiffs' Motion for Leave (Doc. 15), filed April 8, 2013. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) and **dismisses with prejudice** this action. The court **strikes** Plaintiffs' Supplemental Complaint for Declaratory Relief (Doc. 13) and **denies** Plaintiffs' Motion for Leave (Doc. 15).

## I.      Factual and Procedural Background

Plaintiffs Travisha Mangwiro and Tinashe Mangwiro (collectively, "Plaintiffs") brought this action against Defendants on June 19, 2012, based on federal question jurisdiction.   Travisha Mangwiro ("Travisha") is a United States citizen.   Tinashe Mangwiro ("Tinashe") is a citizen of Zimbabwe and resides with Travisha Mangwiro in The Colony, Texas.   Plaintiffs married on August 22, 2007, in Plano, Texas.

On June 18, 2008, Travisha filed Form I-130, Petition for Alien Relative, on behalf of Tinashe.   Tinashe simultaneously filed Form I-485, Application to Register Permanent Residence or Adjust Status.   On August 26, 2007, Plaintiffs were interviewed separately by the United States Citizenship & Immigration Services ("USCIS") in the Dallas, Texas, District Office ("DDO"), and each interview was recorded by the interviewing USCIS officer.   On October 20, 2009, the DDO issued Travisha a Notice of Intent to Deny ("NOID") based on alleged discrepancies and inconsistencies in the Plaintiffs' interview answers.   Plaintiffs responded to the NOID, but the DDO denied the I-130 petition on January 25, 2010, citing section 204(c) of the Immigration and Nationality Act ("INA") as the basis for the denial.   On February 24, 2010, Plaintiffs filed a Motion to Reopen and Reconsider with the DDO, which was denied on March 4, 2011.

On June 29, 2010, Plaintiffs filed another I-130 petition and I-485 application.   Per the DDO's request, Plaintiffs appeared for an interview at the DDO and were again interviewed separately.   On October 22, 2010, DDO issued a second NOID based on alleged discrepancies and inconsistencies in Plaintiffs' interview answers and again cited section 204(c) of the INA as the basis for the denial.   On April 1, 2011, Plaintiffs appealed the DDO's decision to the Board of Immigration

Appeals ("BIA").  The BIA affirmed the DDO's denial of the I-130 petition and dismissed the appeal on May 9, 2012.

Plaintiffs contend that Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq*., by denying the I-130 immigration visa petitions filed on June 18, 2008, and June 29, 2010, by Travisha on behalf of Tinashe.  Plaintiffs also maintain that they were denied due process under the Fifth Amendment of the United States Constitution because the USCIS denied Plaintiffs' requests for copies of the recorded interviews.  For relief, Plaintiffs request that the court set aside the denials of their 2008 and 2010 I-130 petitions and related findings, compel the USCIS and DDO to provide them with recordings or transcripts of their I-130 interviews, and award them their attorney's fees and costs.

On September 9, 2012, Defendants moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs filed a responsive brief.  Defendants did not file a reply brief.

## II.    Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal,* 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied,* 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint

**Memorandum Opinion and Order – Page 4**

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556

U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion,

its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty*

*Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th

Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial

of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof

to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Plaintiffs' First Cause of Action under the APA

Plaintiffs' APA claim is based on their contention that the denials of their two I-130 petitions

were erroneously based on INA section 204(c), which, according to Plaintiffs' interpretation,

requires denial of an I-130 petition only if there has been a previous finding of marriage fraud.

Plaintiffs assert that section 204(c) does not apply to them because this is their first marriage, and,

therefore, there has never been a previous finding that they "attempted or conspired to enter into

marriage for purposes of evading the immigration laws."  Pls.' Compl. 5.

In their motion to dismiss, Defendants contend that Plaintiffs misconstrue the applicable statute. According to Defendants, 8 U.S.C. § 1154(c) "applies to marriage fraud which is present in the current marriage at issue for I-130 purposes, and not solely on fraud in previous marriages." Defs.' Br. 8 (citing *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008)). Based on various BIA opinions, Plaintiffs contend that INA section 204(c), codified at 8 U.S.C. § 1154: (1) only prohibits approval of subsequent petitions when a prior petition was denied on the grounds that the alien conspired to enter into a fraudulent marriage; and (2) was intended to prohibit "approval of a petition for an alien whose prior marriage was determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." Pls.' Br. 2. Plaintiffs further assert that *Ayanbadejo* does not support Defendants' argument that section 204(c) is not limited to fraud in previous marriages.

A denial by the USCIS of a visa application may be overturned only if the plaintiff demonstrates that the ruling was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *National Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989). Here, Plaintiffs' APA claim as pled is based solely on their contention that the denials of their 2008 and 2010 I-130 petitions were based on an erroneous interpretation or application of INA section 204(c).[*] The codified version of INA section 204(c) states:

> (c) Limitation on orphan petitions approved for a single petitioner; prohibition against approval in cases of marriages entered into in order to evade immigration laws; restriction on future entry of aliens involved with marriage fraud

---

[*] In their briefing on Defendants' motion to dismiss, the parties also dispute whether Plaintiffs met their burden of proof by submitting sufficient evidence to the USCIS to prove that their marriage is bona fide; however, Plaintiffs have not pled such a claim and do not allege in their Complaint that their petitions were wrongfully denied because they provided sufficient evidence of a bona fide marriage. Accordingly, no such claim is before the court, and the court does not address it in ruling on Defendants' motion to dismiss.

> Notwithstanding the provisions of subsection (b) of this section no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, ***or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.***

8 U.S.C. § 1154(c) (emphasis added).

Contrary to Plaintiffs' assertion, the express language of section 1154(c) highlighted above makes clear that application of this provision is not limited to situations where an alien has previously applied and been denied residence status on the grounds that the marriage was a fraud and entered to evade immigration law.  While the court agrees that part one of section 1154(c) requires denial of a successive petition in such a situation, part two of the provision applies to and also requires denial of a petition, regardless of whether any prior petitions were filed or denied, if it is "determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." *Id.*  To interpret section 1154(c) otherwise, the court would have to ignore the highlighted language above or read into it a meaning that is duplicative of the first part of section 1154(c) pertaining to successive petitions.

Accordingly, Plaintiffs' interpretation and contention that section 1154(c) is limited to successive petitions when there has been a prior finding of fraudulent marriage are not supported by the plain language of the statute.  Plaintiffs have therefore failed to demonstrate that the denial of their petitions was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *National Hand Tool Corp.*, 889 F.2d at 1475.   Thus, Plaintiffs' APA claim, based on the

USCIS's or BIA's alleged erroneous interpretation or application of section 1154(c), fails as a matter of law, and Defendants are entitled to dismissal of this claim.

**B.     Plaintiffs' Second Cause of Action - Due Process**

Plaintiffs contend in their Complaint that they were denied due process under the Fifth Amendment to the United States Constitution because the USCIS denied their requests for copies of the recordings or transcripts of their I-130 interviews.  Plaintiffs assert that they requested copies of the recordings or transcripts so they could independently confirm whether the discrepancies and inconsistencies set forth in the NOIDs were true.

In their motion to dismiss, Defendants contend that Plaintiffs rely solely on the BIA's decision in *In re Obaigbena* to support their due process claim based on their alleged entitlement to copies of the recorded interviews.  Defendants maintain that *In re Obaigbena* merely states that "a petitioner must be advised and offered an opportunity to rebut derogatory evidence before the government denies an I-130 visa petition based on the derogatory evidence."  Defs.' Br. 10. Defendants contend that Plaintiffs acknowledge in their pleadings that they were provided with the NOIDS that included the discrepancies in Plaintiffs' interview responses, and that Plaintiffs were allowed to respond to the discrepancies before the USCIS denied their 2008 and 2010 petitions.  For this reason and also because Plaintiffs have not cited authority that requires the USCIS to provide them with copies of recorded interviews, Defendants contend that Plaintiffs have failed to state a claim for due process upon which relief can be granted.

In response, Plaintiffs again assert that because the USCIS denied their requests for copies of the recorded or transcribed interviews, they did not have an opportunity to review the actual interview recordings and could not respond thoroughly to the NOIDs, as they were unable to confirm

the inconsistences and discrepancies set forth in the NOIDs.  Plaintiffs further assert that "[a]lthough

USCIS conducted interviews for the I-130 petition[s,] it focused [solely] on a few of the Plaintiffs[']

answers that were not verbatim, and that most certainly not every husband or wife knows about his

or her spouse, versus the repeated consistent answers."  Pls.' Br. 5-6.

Plaintiffs contend  that they are entitled to copies of the recorded or transcribed interviews,

based on 8 C.F.R. § 103.2(b)(16)'s requirement that "an applicant or petitioner shall be permitted

to inspect the record of proceeding which constitutes the basis for the decision . . . ."  *Id.* at 6.  They

also rely on the Adjudicator's Field Manual, which according to Plaintiffs, notes that "a denial must

include a description of the evidence in the case, including other evidence contained in the case file

and that [a] petitioner must be given an opportunity to rebut the evidence before a decision is made."

*Id.*  In addition, Plaintiffs cite *Stokes v. I.N.S.*, 393 F. Supp. 24 (S.D.N.Y. 1975), and *Ali v. I.N.S.*,

661 F. Supp. 1234 (D. Mass. 1986), for the proposition that "Procedural due process requires

fairness in marriage proceedings."  Pls.' Br. 6.

Section 103.2(b)(16) states with regard to inspection of evidence: "Inspection of evidence.

An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes

the basis for the decision, *except as provided in the following paragraphs*."  8 C.F.R. § 103.2(b)(16)

(emphasis added).  Section 103.2(b)(16) goes on to state in the next paragraph:

> If the decision will be adverse to the applicant or petitioner and is based on
> derogatory information considered by the Service and *of which the applicant or
> petitioner is unaware*, *he/she shall be advised of this fact* and offered an opportunity
> to rebut the information and present information in his/her own behalf before the
> decision is rendered.

8 C.F.R. § 103.2(b)(16)(i) (emphasis added). Thus, section 103.2(b)(16) relied on by Plaintiffs is

subject to the limitation set forth in section 103.2(b)(16)(i), which requires only that a petitioner be

"advised of" the derogatory information relied on by the USCIS in the case of an adverse decision. 8 C.F.R. § 103.2(b)(16)(i). Moreover, the Board of Immigration Appeals has similarly concluded that paragraph (i) only requires that a petitioner be "advised" of derogatory information and does "not place upon USCIS a requirement that the actual documents be provided to a petitioner in order to comply with due process." *In re Liedtke*, 2009 WL 5548116 (BIA Dec. 31, 2009); *In re Firmery*, 2006 WL 901430 (BIA Feb. 28, 2006) (rejecting the petitioner's argument that the Department of Homeland Security ("DHS"), formerly the INS, was required to turn over records, reasoning that "[T]here is . . . no statutory or regulatory requirement that" DHS turn over "the reports which formed the basis for denying" a visa petition. "[O]ur reading of [8 C.F.R. §§ 103.2(b)(16)(i) and (ii)] confirms that an alien must only be 'advised' of the derogatory information which will be 'disclosed' to her and that she then be given an opportunity to rebut the evidence once the DHS has indicated an intent to deny the application."); *see also Koffi v. Holder*, 487 F. App'x 658, 660-62 (2d Cir. 2012) (same). The court therefore concludes that Defendants were not required under section 103.2(b)(16)(i) to provide Plaintiffs with actual copies of the recorded interviews that contained the derogatory information or discrepancies set forth in the NOIDs.

Moreover, Plaintiffs acknowledge that the NOIDs included the alleged discrepancies between the answers provided by Travisha and Tinashe during their interviews. *Plaintiffs do not contend that the discrepancies included in the NOIDs were not sufficiently specific to put them on notice of the derogatory information considered.* Pls.' Compl. 5, § 28. *Plaintiffs instead contend only that they wanted to review the recorded interview to "confirm" whether there were discrepancies in their interview answers as stated in the NOIDs.* As the persons who provided the answers, however, Plaintiffs were fully aware of the statements they provided during the interviews. Plaintiffs also

acknowledge that they were provided an opportunity to respond to the derogatory information in the NOIDs.  Because the NOIDs advised Plaintiffs of the alleged discrepancies in their interview answers, and Plaintiffs were given an opportunity to respond and rebut the discrepancies, the court concludes that they were not denied due process simply because they were not provided with copies of their recorded interviews and statements.

Plaintiffs' citation to *Stokes* and *Ali*, for the proposition that "Procedural due process requires fairness in marriage proceedings," does not affect the court's conclusion that Plaintiffs were not denied due process.  *Stokes* addressed the constitutionality of the statutes and regulations applicable to I-130 petitions and concluded that the Attorney General and the INS had authority to deny fraudulent applications for immediate relative status.  Regarding due process, *Stokes* merely noted that "The Supreme Court has held that due process requires some form of notice . . . in administrative adjudications which may result in the denial of privileges conferred by the Government."  *Stokes*, 393 F. Supp. at 29.  The court has already determined that Plaintiffs received the requisite notice under section 103.2(b)(16).  Further, although *Ali* states that "Procedural due process requires fairness in marriage petition proceedings"; it has no relevance here because the court's determination in *Ali* that the plaintiff had stated a due process claim was based on the plaintiff's allegation that the INS relied on the plaintiff's involuntary statements and coerced confession in deciding her marriage petition.  *Id.*  Plaintiffs, on the other hand, have made no such allegation in support of their due process claim.  The court therefore concludes that Plaintiffs have failed to state a due process claim upon which relief can be granted, and Defendants are entitled to dismissal of this claim.

**Memorandum Opinion and Order – Page 11**

IV.    **Plaintiffs' Motions to Supplement Their Pleadings**

On February 14, 2013, Plaintiffs filed a Supplemental Complaint for Declaratory Relief pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which the court construes as a motion to supplement Plaintiff's Complaint because, although not styled as a motion, it includes a request by Plaintiffs to supplement their pleadings. Defendants oppose the motion to supplement and proposed supplemental complaint on the grounds that Plaintiffs did not seek leave of court, and they have not met the requirements to supplement or amend. Defendants assert that Plaintiffs' supplemental complaint relates to an entirely new cause of action, that is, the January 25, 2013 denial of a third I-130 petition submitted by Plaintiffs after this case was filed and after Defendants filed their motion to dismiss. Defendants also contend that Plaintiffs should not be allowed to supplement their pleadings with regard to the denial of the third petition because Plaintiffs have until February 25, 2013, to exhaust administrative remedies by appealing the January 25, 2013 decision to the BIA. Def.'s Br. 3 (citing 8 U.S.C. §§ 1154(a)(1)(A)(i), (B)(i)(I); 8 C.F.R. §§ 204.1(a), 1204.1). On April 8, 2013, Plaintiffs filed their Motion for Leave, which is essentially identical to their prior motion to supplement, except that Plaintiffs also seek leave of court to file their proposed supplemental complaint with attached exhibits.

The statute and regulations cited by Defendants do not require Plaintiffs to exhaust their administrative remedies by appealing to the BIA before filing suit in federal court, and the court is not aware of any statute or administrative rule that requires Plaintiffs to exhaust their administrative remedies. Title 8 of the Code of Federal Regulations for aliens merely states that "[c]ertain unfavorable decisions on applications, petitions, and other types of cases *may be appealed*" by a petitioner to the BIA. 8 C.F.R. § 103.3(a)(ii) (emphasis added). Exhaustion of remedies is

statutorily required only for appeals of final orders of removal, which are not at issue in this case. *See* 8 U.S.C. § 1252(d)(1). Accordingly, while it is unclear from the record whether Plaintiffs appealed the denial of their third I-130 petition to the BIA, this does not preclude the court from addressing their claim as to the third I-130 petition.

Rule 15(d), applicable to supplemental pleadings, provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A supplemental pleading may bring in new claims when the subsequent allegations stem from the original cause of action. *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *vacated on other grounds by* 460 U.S. 1007 (1983). When determining whether to allow supplementation under Rule 15(d), a court must weigh several factors: (1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) futility. *Id.* The decision of whether to grant a motion to supplement pursuant to Rule 15(d) is within the district court's sound discretion. *Id.* at 1193.

Here, Plaintiffs' June 14, 2012 petition may be factually related to Plaintiffs' two prior petitions filed in 2008 and 2010; however, Plaintiffs new allegations do not stem from their original claims because their allegations as to the third petition are based on the denial of a separate petition, and the USCIS issued separate NOIDs and decisions for each of the three petitions filed by Plaintiffs. Also, unlike Plaintiffs' claims as to the first two petitions, Plaintiffs' claim as to the third petition

is based in part on their contention that their I-130 petition was denied without a substantive interview.

Moreover, while Plaintiffs sought to supplement their pleadings a short time after the their third petition was denied, and Defendants do not contend that Plaintiffs' request to supplement was done in bad faith or that Defendants would be prejudiced, the court, nevertheless, determines that Plaintiffs' request to supplement should be denied because it fails for the same or similar reasons its prior claims, based on the first two petitions, fail.  Specifically, Plaintiffs contend that the denial of the third petition is based on the same erroneous interpretation of section 204(c).  For the reasons already discussed, Plaintiffs' proposed construction of section 204(c) is not supported by the language of the statute.  Plaintiffs also contend that they were denied due process under the Fifth Amendment because they were not interviewed and given an opportunity to personally respond to questions; however, there is no requirement under the applicable statute that petitioners be interviewed.  *See* 8 U.S.C. § 1154(d).  While section 103.2 of Title 8 of the Code of Federal Regulations states that petitioners "*may*" be required to appear for an interview if requested, it does not require petitioners to be interviewed.  8 C.F.R. § 103.2(a)(9).

The documents attached to Plaintiffs' proposed supplemental complaint also show that Plaintiffs responded and provided documentation to address the deficiencies noted in the October 24, 2012 NOID, including but not limited to the determination that "Since the insurance companies confirmed that the [joint insurance] policies do not exist, it may be suspected that the documents [submitted] were altered to serve as proof of bona fides of the marriage to the beneficiary."  Pls.' Exh. 3 (NOID) at 4; Exh. 1 at 2 (Decision) ("You failed to submit the evidence in original form to overcome this discrepancy."); Pls.' Exh 2 (Plaintiffs' Resp. to NOID).  Thus, Plaintiffs advised of

the derogatory information relied on by Defendants and were given an opportunity to respond and address the derogatory information in the NOID as required by section 103.2(b)(16)(i) before their petition was denied.  The court therefore determines that Plaintiffs' proposed supplemental pleading is not legally viable.  Accordingly, in light of the futility of Plaintiffs' proposed supplement and also because Plaintiffs seek to supplement their pleadings to assert a new claim based on subsequent allegations that do not stem from their original causes of action, the court will deny Plaintiffs' requests to supplement their pleadings and strike their Supplemental Complaint for Declaratory Relief.  *See Chemetron Corp.*, 682 F.2d at 1194.

## V.      Conclusion

For the reasons herein stated, Plaintiffs have failed to state claims upon which relief can be granted.  The court therefore **grants** Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) and **dismisses with prejudice** this action.  The court **strikes** Plaintiffs' Supplemental Complaint for Declaratory Relief (Doc. 13) and **denies** Plaintiffs' Motion for Leave (Doc. 15).  The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 12th day of April, 2013.

Sam A. Lindsay
United States District Judge